IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2014

## STATE OF TENNESSEE v. DEMETRIUS MARCELLE SMITH

**Appeal from the Criminal Court for Hamilton County**
**No. 269133      Barry A. Steelman, Judge**

**No. E2013-01796-CCA-R3-CD - Filed April 7, 2014**

The Defendant, Demetrius Marcelle Smith, appeals the revocation of his probation by the Hamilton County Criminal Court. On appeal, the Defendant argues that the trial court erred in revoking his probation and ordering his sentence into execution. Following our review, we affirm the judgment of the Hamilton County Criminal Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Jay Underwood, Chattanooga, Tennessee, for the appellant, Demetrius Marcelle Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; William H. Cox, III, District Attorney General; and Lance Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On December 14, 2009, the Defendant pled guilty to aggravated assault, a Class C felony. See Tenn. Code Ann. § 39-13-102. He was sentenced as a Range II, multiple offender to seven years and was placed on probation. On November 29, 2010, the trial court revoked the Defendant's probation and ordered that he serve eleven months and twenty-nine days in confinement followed by intensive probation for the remainder of his sentence. The Defendant again violated his probation, and on October 1, 2012, the trial court ordered continued probation and added a further requirement that he attend drug treatment. On October 26, 2012, the trial court issued a capias for the Defendant after he failed to report to his probation officer or attend a drug treatment program.

The trial court held a hearing on July 8, 2013, to determine whether the Defendant's probation should be revoked as a result of his most recent probation violations. At the revocation hearing, the Defendant's probation officer, Hampton Steele, testified that he had not seen the Defendant since October 1, 2012. Mr. Steele testified that the Defendant did not attend the court ordered drug treatment program, nor did the Defendant contact Mr. Steele to attempt to schedule treatment. Mr. Steele also stated that he was not aware of any new criminal activity from the Defendant.

Sam Bullock testified on behalf of the Defendant. Mr. Bullock testified that he works for the organization "House of Refuge," which he described as a "faith-based program" with "drug and alcohol classes" that works to "help [people] get back into independent living and become responsible." Mr. Bullock stated that he had been in contact with the Defendant prior to his incarceration and that the Defendant expressed a willingness to attend the program. Mr. Bullock also testified that the program currently had a space open for the Defendant.

After hearing the testimony of these two witnesses, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his seven-year sentence in confinement. The trial court based its decision on the facts that the Defendant's probation had been revoked twice previously, that following the last revocation the Defendant had not reported to his probation officer, and that he also failed to attend a court ordered drug treatment program. Although the court acknowledged that House of Refuge was a viable alternative to confinement, it expressed reluctance to entrust the Defendant to that program given his history of violating probation.

ANALYSIS

On appeal, the Defendant's main contention is that the trial court improperly considered the nature of the underlying offense when deciding to revoke his probation. The Defendant contends that because his probation violation was only a technical violation, the trial court could and should have ordered continued probation rather than ordering his sentence into execution. The State responds that there was uncontroverted evidence that the Defendant violated the terms of his probation by failing to report to his probation officer. Therefore, the State concludes that the trial court acted within its discretion in revoking the Defendant's probation and placing his sentence into effect. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310, which provides that the trial court possesses the power "at any time within the maximum time that was directed and ordered by the court for the

suspension, . . . to revoke . . . the suspension" and cause the original judgment to be put into effect. A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of release. Tenn. Code. Ann. § 40-35-311(e).

Furthermore, the trial court's decision to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To find an abuse of discretion in a probation revocation case, the record must be devoid of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant contends that the trial court improperly relied on the nature of the underlying crime when deciding whether to revoke his probation. While it is true that courts should not revoke probation based on criminal conduct that was known at the time probation was granted, see State v. Beard, 189 S.W.3d 730, 737 (Tenn. Crim. App. 2005), the record belies the Defendant's contention that the trial court improperly relied on such evidence in this case. The trial court did briefly mention that the Defendant's underlying crime was violent, but only in response to defense counsel's contention that he was currently on probation for "the only violent conviction he's had." The trial court went on to say that the "most concerning" factor for the court was that at his last revocation hearing, the Defendant had been given an opportunity to report back to his probation officer and attend drug treatment, but he failed to comply with either condition. The record shows that the trial court properly focused its decision to revoke the Defendant's probation on his failure to comply with the conditions of his probation. "[I]f a trial court determines that a defendant has violated the conditions of probation, it has the authority to revoke the defendant's probation and cause execution of the original judgment." State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). The trial court acted within its discretionary authority to revoke the Defendant's probation and impose his original seven-year sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e). The Defendant's claim is without merit.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial

court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE